■ In the Matter of NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES, on Behalf of TAHIRA L., Respondent. NANCY H., Appellant. (Proceeding No. 1.) In the Matter of NANCY H., Appellant. NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES, on Behalf of TAHIRA L., Respondent. (Proceeding No. 2.) [611 NYS2d 223] —In a child protective proceeding pursuant to Family Court Act article 10, and a related custody proceeding brought by the former foster care parent, the former foster care parent appeals from (1) an order of the Family Court, Kings County (Pearce, J.), dated April 19, 1993, which extended the placement of three children with the New York City Commissioner of Social Services for a period of 12 months, and (2) an order of the same court, dated July 20, 1993, which dismissed her petition for custody of the three children.

Ordered that the appeal from the order dated April 19, 1993, is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated July 20, 1993, is affirmed, without costs or disbursements.

Three children were removed from their mother's care, put in the custody of the Commissioner of the New York City Department of Social Services, and went to reside with the appellant, their grandmother, as foster parent, because of the mother's neglect. All three children subsequently went to live with the paternal uncle of two of the children, because of the alleged abuse by the grandmother. Subsequent to the children's removal from the grandmother, the court, in the order appealed from dated April 19, 1993, approved the petition for an extension of placement with the New York City Department of Social Services. We find that the grandmother has no standing to appeal from this order, as she is not an aggrieved party (see, CPLR 5501). Therefore, that appeal is dismissed. The sole remedy of a foster parent upon the removal of a child from her care is to seek a hearing pursuant to Social Services Law § 400. If unsatisfied with the result of that hearing, the foster parent may bring a petition under CPLR article 78 (see, *People ex rel. Ninesling v Nassau County Dept. of Social Servs.*, 46 NY2d 382).

Furthermore, it was not error for the court to dismiss the grandmother's petition for custody of the children, as the mother's parental rights had not been terminated (see, *Matter of Michael B.*, 80 NY2d 299, 310). Sullivan, J. P., O'Brien, Goldstein and Florio, JJ., concur.