■ In the Matter of SYKIA MONIQUE G., Also Known as SYKIA G. DARREN J., Respondent; LITTLE FLOWER CHILDREN'S SERVICES et al., Appellants. [616 NYS2d 806] —In a child custody proceeding pursuant to Family Court Act article 6, Little Flower Children's Services and the Law Guardian appeal from an order of the Family Court, Kings County (Burstein, J.), dated April 20, 1992, which awarded custody of the child to the petitioner father. By decision and order on motion dated July 18, 1994, this Court granted a motion staying enforcement of the order pending hearing and determination of the appeal.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a hearing pursuant to Social Services Law § 392 (6), to be conducted within 20 days of the date of this decision and order.

The subject of this custody proceeding, eight-year-old Sykia G., was placed as a foster child in the home of her maternal aunt over six years ago. Sykia's natural mother executed a voluntary surrender of her parental rights on July 17, 1991, and in May 1992 the appellant Little Flower Children's Services commenced a proceeding to terminate the parental rights of the child's natural father, Darren J. At the conclusion of a fact-finding hearing, the Family Court found that the agency had not complied with the statutory mandate to make

diligent efforts to strengthen the parental relationship and reunite Sykia with her father (see, Social Services Law § 384-b [7] [a], [f]), and, accordingly, dismissed the termination petition (see, Matter of Sykia Monique G., 208 AD2d 535 [decided herewith]). Following dismissal of the termination petition, Darren J. commenced the instant proceeding seeking custody of the child, and the Family Court granted his application without conducting a hearing. We now reverse.

Contrary to the appellants' contentions, Sykia's foster mother does not have standing to seek permanent custody of the child, since the father's parental rights have not been terminated (see, Matter of Michael B., 80 NY2d 299, 310; Matter of New York City Dept. of Social Servs. [Tahira L.], 203 AD2d 575). However, under the circumstances of this case, where the child has been in a kinship foster care home for an extended period of time, but has not been freed for adoption, we deem it necessary that a limited "best interests" hearing be conducted in accordance with Social Services Law § 392 (6) and the guidelines set forth in Matter of Michael B. (supra), to determine whether Sykia's physical and emotional well being require a temporary continuation of her placement in foster care, or whether immediate discharge to her natural father is now appropriate. Although the father contends that no such hearing is required because Sykia's placement in foster care lapsed prior to the agency's institution of the termination proceeding against him, we note that Sykia remained legally in foster care pursuant to the voluntary surrender agreement executed by her natural mother, and, accordingly, that disposition of this custody dispute should be governed by Social Services Law § 392. Lawrence, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.