■ In the Matter of ROSANNA PASSANTINO et al., Appellants, v CARMELA D'AGOSTINO et al., Respondents. [644 NYS2d 652] —In a child protective proceeding pursuant to Family Court Act article 10, the former foster parents appeal from an order of the Family Court, Kings County (Palmer, J.), dated October 25, 1995, which denied their motion, *inter alia*, to vacate an April 4, 1994, order of the same court (Burstein, J.), among other things, conditionally discharging the child to the biological mother.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

"The sole remedy of a foster parent upon the removal of a child from [his or] her care is to seek a hearing pursuant to Social Services Law § 400" (*Matter of New York City Dept. of Social Servs. [Tahira L.]*, 203 AD2d 575, 576). "If unsatisfied with the result of that hearing, the foster parent may bring a petition under CPLR article 78" (*Matter of New York City Dept. of Social Servs. [Tahira L.], supra*, at 576; *see, Matter of Michael B.*, 80 NY2d 299; *People ex rel. Ninesling v Nassau County Dept. of Social Servs.*, 46 NY2d 382; *Matter of Rivers v Womack*, 178 AD2d 532). Accordingly, the foster parents' application, which sought, *inter alia*, to vacate the April 4, 1994, order pursuant to CPLR 5015 (a) (3), was improper. Rosenblatt, J. P., Ritter, Copertino and Santucci, JJ., concur.