In the Matter of DINA MICHELLE S., and Others. DORRETT G. et al., Appellants; DEPARTMENT OF SOCIAL SERVICES OF THE

CITY OF NEW YORK et al., Respondents. [653 NYS2d 677] —In related proceedings pursuant to Social Services Law §§ 392 and 384-b, the appeal is from an order of the Family Court, Queens County (Friedman, J.), dated April 3, 1996, which, after a hearing, granted the motion of the respondent St. Christopher-Ottilie to dismiss the foster parents' petitions seeking (1) review of the foster care status of the subject children, and (2), upon such review, the institution of proceedings to free the children for adoption. Justice Florio has been substituted for the late Justice Hart (*see,* 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, without costs or disbursements.

This case involves three preschool-aged siblings who have been in the care of two separate foster homes since shortly after birth. The children have no relationship with their natural parents, but their paternal grandmother has been visiting them regularly since their original foster-care placements.

At some point prior to October 1995, the respondent agency had begun termination proceedings to free the children for adoption by their foster parents. In August 1995, however, the paternal grandmother obtained a home large enough to accommodate all three children. The agency thereupon changed its goal and planned to discharge the children into her care. On or about October 26, 1995, the Family Court, Queens County, conducted a review of the status of all three children and approved the agency's goal change. As a result, the agency withdrew the pending termination proceedings and approved the discharge of the children.

The foster parents thereupon moved by order to show cause for a new review of the children's foster-care status and the renewed institution of termination proceedings. The respondents moved to dismiss and by order dated April 3, 1996, the Family Court granted their motion and dismissed the proceedings. We affirm.

The rights and obligations of foster parents are limited to those provided in the applicable statutes or pursuant to their contract with the placement agency (*see, Smith v Organization of Foster Families,* 431 US 816; *People ex rel. Ninesling v Nassau County Dept. of Social Servs.,* 46 NY2d 382). This does not mean, however, that foster parents are without a remedy when the agency decides to remove children from the foster home. Social Services Law § 400 and 18 NYCRR 443.5 outline a clear procedure for foster parents aggrieved by a decision to relocate their foster children. First, the foster parents may request a departmental review of the agency's decision. They may then

request a "fair hearing" to challenge the outcome of the departmental review. Finally, if still aggrieved, the foster parents may commence a CPLR article 78 proceeding. This three-step scheme satisfies the requirements of due process and provides the sole remedy for foster parents who wish to challenge removal of a child (*see, People ex rel. Ninesling v Nassau County Dept. of Social Servs., supra,* at 386; *Matter of New York City Dept. of Social Servs. [Tahira L.],* 203 AD2d 575, 576).

In the instant case, the record indicates that the petitioners have not yet exhausted their administrative remedies. Under the circumstances, therefore, the Family Court did not err in dismissing the proceedings.

In view of the foregoing, we decline to address the petitioners' remaining contentions. Miller, J. P., Altman, Florio and McGinity, JJ., concur.