■ In the Matter of DONNA BLAIR, Petitioner, v BRIAN WING, as Commissioner of the New York State Department of Social Services, et al., Respondents. [675 NYS2d 184] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Social Services which denied petitioner's request for return of three children to her foster care.

In October 1993, petitioner became the foster parent of three infant boys and had been considered by respondent Little Flower Children's Services (hereinafter the Agency), a duly licensed foster care agency, as the prospective adoptive parent once parental termination proceedings had been completed. At some point after the children had been placed with petitioner,

she began traveling back and forth between New York and Georgia (where petitioner had family) and friction developed between petitioner and Amy Spodek, an Agency caseworker, concerning Spodek's difficulties in contacting petitioner when she was out of State. Consequently, at an October 15, 1996 meeting, petitioner determined that she would voluntarily return the children because parental termination proceedings were going to take longer than originally planned and she wished to relocate to Georgia permanently.

Thereafter, the record indicates that petitioner received a letter dated October 22, 1996, which acknowledges that the children would be removed from her home as soon as the Agency found a suitable replacement foster home. In a letter dated October 31, 1996, petitioner was notified that a new placement had been secured for the children and that the transfer to the new foster parents was imminent. The Agency then attempted to send petitioner two separate 10-day notices of removal pursuant to 18 NYCRR 443.5,[1] both of which were returned unopened and one of which was marked "refused". On November 6, 1996, petitioner phoned the Agency and again reiterated that this was a voluntary removal, but that she was concerned about the transition and wanted to ensure that the children had personal contact with the new foster parents prior to their removal from her care. Petitioner then sent a memorandum to the Agency, dated November 14, 1996, wherein she referred to "the voluntary removal" of the children from her home and set forth the dates the children would visit with their new foster parents prior to their removal from her home on November 27, 1996.

At some point in the midst of these proceedings, petitioner changed her mind about the removal of the children[2] and on November 26, 1996, petitioner contacted the Agency and indicated that she would no longer agree to a voluntary removal and was requesting an independent review. However, on November 27, 1996, petitioner was informed that she was not

---

1. These notices informed petitioner of her right to object to the removal of the children from her home by requesting any or all of the following options: a foster care agency conference or administrative case conference (if requested within 10 days of receiving the notice) or a fair hearing. The notice also listed a place for petitioner to sign if she had no objections to the removal of the children, whereby she would waive her right to an agency conference and an administrative case conference.

2. Despite the fact that petitioner sent the November 14, 1996 memorandum, petitioner testified that she supposedly changed her mind about the voluntary transfer on November 6, 1996. Nevertheless, petitioner acknowledged that she did not inform the Agency of her change of heart prior to November 26, 1996.

entitled to an independent review but could request a fair hearing. That same day, the children were picked up at petitioner's home without incident. Thereafter, a fair hearing was held at which the Administrative Law Judge (hereinafter ALJ) limited the scope of the hearing to testimony on the voluntariness of the removal. Respondent Commissioner of Social Services thereafter determined that it was not an abuse of discretion for the Agency to remove the children. Petitioner then commenced this CPLR article 78 proceeding challenging the determination, which was subsequently transferred to this Court.

We confirm. Initially, we reject petitioner's argument that the denial of her belated request for an independent review violated her rights to due process of law. Assuming, arguendo, that the 10-day notice of removal required by 18 NYCRR 443.5 (a) is applicable in situations such as this where the removal of the foster children is voluntary, it is apparent that petitioner waived any right to an independent review in this case by her undisputed conduct. Although petitioner apparently did not physically sign the waiver sections of any of the 10-day notices sent by the Agency, we note that attached to the October 22, 1996 letter was a 10-day notice with a listing of her procedural rights. Further, petitioner composed the November 14, 1996 memorandum indicating her approval of the removal and admitted at her hearing that she knew that Spodek had previously sent her a 10-day notice via certified mail. Given her subsequent action in submitting the memorandum, we are compelled to conclude that petitioner was aware of her right to an independent review and voluntarily waived it. Given that petitioner had her fair hearing and was given an opportunity to challenge that determination in court, petitioner received or waived all of the rights of review to which she was entitled as a foster parent (*see, Matter of Dina Michelle S.*, 236 AD2d 544; *see also, People ex rel. Ninesling v Nassau County Dept. of Social Servs.*, 46 NY2d 382).

Turning to the merits, we conclude that there is substantial evidence to support the determination that the Agency's removal of the children was not improper. Petitioner admitted at the hearing that the removal was undertaken at her request as a result of the difficulties which arose from her desire to relocate to Georgia and the natural conflict with the biological parents' court-ordered visitation. Since petitioner's change of heart occurred after the final removal decision was made and new foster parents had been located, and after petitioner had been given several opportunities to object, we find no error in the Agency's determination.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.