◼ JEFFREY S. GOLDSTEIN, Appellant, v DERECKTOR HOLDINGS, INC., Respondent. [924 NYS2d 804]—

In an action to recover damages based on quantum meruit, the plaintiff appeals from an order of the Supreme Court, Nassau County (Palmieri, J.), entered May 4, 2010, which granted the defendant's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the second amended complaint.

Ordered that the order is reversed, and on the law, with costs, and the defendant's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the second amended complaint is denied.

In a prior order in this action dated December 24, 2009, the Supreme Court dismissed, pursuant to CPLR 3211 (a) (1) and (7), the first cause of action in the first amended complaint, which sought to recover damages for breach of contract. The Supreme Court also dismissed, pursuant to CPLR 3211 (a) (1) and (7), the second cause of action in the first amended complaint, which sought to recover reasonable compensation based on quantum meruit, with leave to replead. Thereafter, the plaintiff filed a second amended complaint which alleged, among other things, that the plaintiff performed certain consulting services for the defendant between June 2008 and February 2009, that the plaintiff's services inured to the defendant's benefit in the sum of $33,750,000, and that the plaintiff received payment in the sum of only $70,000, plus $1,200 in expenses. The plaintiff seeks to recover the reasonable value of his services in quantum meruit. In an order entered May 4, 2010, the Supreme Court granted the defendant's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the second amended complaint. We reverse.

To state a cause of action based on quantum meruit, a plaintiff must allege (1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services (*see Fulbright & Jaworski, LLP v Carucci*, 63 AD3d 487, 488-489 [2009]; *Soumayah v Minnelli*, 41 AD3d 390, 391 [2007]). Contrary to the Supreme Court's determination, according the plaintiff the benefit of every possible inference (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]), the second amended complaint adequately states the elements of a cause of action based on quantum meruit (*see generally Corsello v Verizon N.Y., Inc.*, 77 AD3d 344 [2010]). Moreover, the documentary evidence submitted by the defendant on its motion did not resolve all factual issues as a matter of law and conclusively dispose of the plaintiff's claim (*see Elow v Svenningsen*, 58 AD3d 674 [2009]). The defendant avers that it refused to pay the plaintiff by way of percentage-based compensation. However, because there is a dispute, inter alia, as to whether the defendant agreed to pay the plaintiff additional compensation, and whether the plaintiff had a reasonable expectation of additional compensation, the defendant's motion to dismiss the second amended complaint should have been denied (*see Gateway I Group, Inc. v Park Ave. Physicians, P.C.*, 62 AD3d 141, 149 [2009]). Covello, J.P., Eng, Leventhal and Cohen, JJ., concur.