*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 2, 2015                518622
_____

MARIA E. HYMAN,
                    Appellant,
        v                               MEMORANDUM AND ORDER

ARTHUR SCHWARTZ et al.,
                    Respondents.
_____


Calendar Date:  February 11, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

                    _____


        Marita E. Hyman, West Edmeston, appellant pro se.

        Advocates for Justice, Chartered Attorneys, New York City
(Arthur Schwartz of counsel), for Arthur Schwartz and another,
respondents.

        Lichten & Bright, PC, New York City (Daniel R. Bright of
counsel), for Stuart Lichten and another, respondents.

                    _____


Egan Jr., J.

        Appeal from an order of the Supreme Court (Cerio Jr., J.),
entered June 24, 2013 in Madison County, which, among other
things, denied plaintiff's motion to dismiss defendant Arthur
Schwartz's counterclaims.

        Defendant Arthur Schwartz, a licensed attorney, represented
plaintiff in connection with disciplinary action taken against
her while she was a graduate student at Cornell University
(Matter of Hyman v Cornell Univ., 82 AD3d 1309 [2011]).  Schwartz
also represented plaintiff in a Title IX action (see 20 USC §
1681 et seq.) against Cornell in federal court (Hyman v Cornell

Univ., 834 F Supp 2d 77 [ND NY 2011], affd 485 Fed Appx 465 [2d Cir 2012], cert denied ___ US ___, 133 S Ct 1268 [2013]) (hereinafter the federal action). As a result of disagreements between plaintiff and Schwartz over his representation and fees, plaintiff commenced this action against Schwartz and defendant Schwartz, Lichten & Bright, PC, Schwartz's law firm, as well as defendants Stuart Lichten and Daniel Bright – Schwartz's former partners. The complaint asserted, among other things, claims for legal malpractice, negligent infliction of emotional distress and intentional infliction of emotional distress. In two motions – one by Schwartz and the law firm and the other by Lichten and Bright – defendants moved to dismiss the complaint alleging, among other things, improper service upon Lichten and Bright. In a December 2012 order, Supreme Court, among other things, held that plaintiff had not properly served Lichten and Bright and dismissed the complaint against them. The court also partially granted the motion of Schwartz and the law firm by dismissing the negligent and intentional infliction of emotional distress claims. Upon appeal by Schwartz and the law firm, this Court modified and dismissed the legal malpractice claim (114 AD3d 1110, 1112 [2014], lv dismissed 24 NY3d 930 [2014]).

Schwartz and the law firm subsequently filed an answer, and Schwartz asserted four counterclaims against plaintiff (breach of contract, quantum meruit, intentional infliction of emotional distress and prima facie tort). Plaintiff moved for reconsideration of the December 2012 order dismissing the complaint against Lichten and Bright, claiming that she obtained new evidence that established that Lichten and Bright had been properly served, and, in a second motion, moved to dismiss the subject counterclaims. In a June 2013 order, Supreme Court denied plaintiff's motion to dismiss the counterclaims and, treating her motion to reconsider as one to renew (see CPLR 3211 [e]), denied that motion as well. Plaintiff now appeals solely from the June 2013 order.

We turn first to Supreme Court's denial of plaintiff's motion to dismiss Schwartz's counterclaims. A cause of action for quantum meruit requires a showing of "'a plaintiff's performance of services in good faith, acceptance of those services by a defendant, an expectation of compensation and proof

of the reasonable value of the services provided'" (Rafferty Sand & Gravel, LLC v Kalvaitis, 116 AD3d 1290, 1291-1292 [2014], quoting DerOhannesian v City of Albany, 110 AD3d 1288, 1289 [2013], lv denied 22 NY3d 862 [2014]).  Here, Schwartz alleged that he performed legal services for plaintiff at the direction of the federal court, which had denied his application to be relieved as counsel, and that the value of his services was approximately $8,000.  While not a model of clarity, the counterclaim — read liberally and after affording Schwartz the benefit of every possible inference — states a cause of action for quantum meruit (see Rafferty Sand & Gravel, LLC v Kalvaitis, 116 AD3d at 1291-1292; Goldstein v Derecktor Holdings, Inc., 85 AD3d 728, 729 [2011]).  Moreover, contrary to her assertion, plaintiff did not submit documentary evidence utterly refuting this claim (see CPLR 3211 [a] [1]; see generally Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; State of N.Y. Workers' Compensation Bd. v Madden, 119 AD3d 1022, 1026 [2014]).  Accordingly, Supreme Court properly denied plaintiff's motion to dismiss this counterclaim.

As to the breach of contract counterclaim, such a claim requires an agreement, performance by one party, failure to perform by the other party and resulting damages (see Hampshire Props. v BTA Bldg. & Developing, Inc., 122 AD3d 573, 573 [2014]; Torok v Moore's Flatwork & Founds., LLC, 106 AD3d 1421, 1422 [2013]).  Here, Schwartz alleged that, in December 2010, he and plaintiff entered into an agreement whereby he would provide legal services to plaintiff, plaintiff agreed to tender payment for those services, he thereafter provided those services, plaintiff failed to make payment and, as a result, he sustained damages.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), "the pleading is to be given a liberal construction, the allegations contained within it are assumed to be true and the plaintiff[] [is] to be afforded every favorable inference.  This liberal standard, however, will not save allegations that consist of bare legal conclusions or factual claims that are flatly contradicted by documentary evidence or are inherently incredible" (DerOhannesian v City of Albany, 110 AD3d at 1289 [internal quotation marks and citations omitted]; see Tenney v Hodgson

Russ, LLP, 97 AD3d 1089, 1090 [2012]; Mesiti v Mongiello, 84 AD3d 1547, 1549 [2011]).  Here, in support of the motion to dismiss, plaintiff submitted documentary evidence that flatly contradicted the allegation that an agreement had been reached between plaintiff and Schwartz.  Such proof included a letter written by Schwartz to the judge who presided over the federal action, wherein Schwartz explained that he was hired by plaintiff without any agreement as to fees beyond the initial filing and was proceeding without a retainer and agreement.  As this proof utterly disputes Schwartz's allegations that an agreement was formed, the breach of contract counterclaim must be dismissed (see DerOhannesian v City of Albany, 110 AD3d at 1290).

We reach a similar conclusion with respect to the counterclaim for intentional infliction of emotional distress. Schwartz was required to plead "extreme and outrageous conduct, the intentional or reckless nature of such conduct, a causal relationship between the conduct and the resulting injury, and severe emotional distress" (Cusimano v United Health Servs. Hosps., Inc., 91 AD3d 1149, 1152 [2012], lv denied 19 NY3d 801 [2012]; see Howell v New York Post Co., 81 NY2d 115, 121 [1993]). Notably, the alleged conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency . . . and [be] utterly intolerable in a civilized community" (Murphy v American Home Prods. Corp., 58 NY2d 293, 303 [1983] [internal quotation marks and citations omitted]; accord Cusimano v United Health Servs. Hosps., Inc., 91 AD3d at 1152). Here, Schwartz alleged that, during the course of their professional relationship, plaintiff sent unwanted gifts and letters, engaged in suggestive conversations and made threats of future conduct toward him.  Even reading the allegations liberally and accepting them as true, we find that the alleged conduct, while undeniably inappropriate, did not rise to the level of being "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency" (Murphy v American Home Prods. Corp., 58 NY2d at 303 [internal quotation marks and citation omitted]; see generally Gray v Schenectady City School Dist., 86 AD3d 771, 772 [2011]; Hart v Child's Nursing Home Co., Inc., 298 AD2d 721, 722-723 [2002]).

As for Schwartz's counterclaim for prima facie tort, there can be no recovery under this theory "unless malevolence is the sole motive for [plaintiff's] otherwise lawful act or, in [other words], unless [plaintiff] acts from disinterested malevolence" (<u>Burns Jackson Miller Summit & Spitzer v Lindner</u>, 59 NY2d 314, 333 [1983] [internal quotation marks and citation omitted]; <u>see</u> <u>Wiggins & Kopko, LLP v Masson</u>, 116 AD3d 1130, 1131 [2014]; <u>Cuimano v United Health Servs. Hosps., Inc.</u>, 91 AD3d at 1153). Stated another way, the act "must be a malicious one unmixed with any other and exclusively directed to injury and damage of another" (<u>Burns Jackson Miller Summit & Spitzer v Lindner</u>, 59 NY2d at 333 [internal quotation marks and citation omitted]; <u>see</u> <u>Lerwick v Kelsey</u>, 24 AD3d 931, 932 [2005], <u>lv denied</u> 6 NY3d 711 [2006]).

Here, Schwartz alleged that plaintiff commenced the instant action and opposed his motion to be relieved as counsel in the federal action solely to inflict harm and that, as a result, he incurred damages. Plaintiff's complaint alleged four causes of action, one of which sought a de novo review of a fee dispute arbitration award to Schwartz. Even accepting as true the allegation that plaintiff's commencement of the action was intended to inflict harm upon Schwartz, it cannot be said that plaintiff was <u>solely</u> motivated by malevolence. Indeed, at the time that Schwartz sought to be relieved as counsel in the federal action, a motion to dismiss plaintiff's complaint was pending. Had plaintiff not opposed Schwartz's motion to withdraw as counsel, she faced the possibility of being unrepresented in that action. Considering these facts, it cannot be said that plaintiff's actions were solely motivated by malevolence and, therefore, this counterclaim must be dismissed.

Finally, we have no quarrel with Supreme Court's denial of plaintiff's motion to renew. As relevant here, a motion to renew must "be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e]; <u>see</u> <u>Howard v Stanger</u>, 122 AD3d 1121, 1123 [2014], <u>lv dismissed</u> 24 NY3d 1210 [2015]; <u>Johnson v State of New York</u>, 95 AD3d 1455, 1456 [2012]). Further, a motion to renew "is not a second chance to remedy inadequacies that occurred in failing to exercise due diligence in the first instance" (<u>Tibbits v Verizon N.Y., Inc.</u>,

40 AD3d 1300, 1303 [2007]; accord Howard v Stanger, 122 AD3d at 1123), and such applications "are left to the sound discretion of the trial court" (Matter of City of New York v New York State Pub. Empl. Relations Bd., 103 AD3d 145, 152 [2012], lv denied 21 NY3d 855 [2013]; accord Onewest Bank, FSB v Slowek, 115 AD3d 1083, 1083 [2014]).

After Supreme Court determined in its December 2012 order that plaintiff failed to properly serve Lichten and Bright, plaintiff moved to renew, offering new evidence that she claimed established proper service. Specifically, plaintiff claimed that she obtained two affidavits of service from the New York City Sheriff's Office, one of which indicated that Lichten and Bright were served on July 19, 2012 by delivery of a copy of the summons with notice to a paralegal at their office. This affidavit, however, did not establish valid service upon Lichten and Bright, as it established service upon the parties' law firm, not the parties individually. Moreover, service upon the paralegal at Lichten and Bright's place of business was not sufficient to confer jurisdiction, as it was not coupled with the required mailing within 20 days (see CPLR 308 [2]; Maiuri v Pearlstein, 53 AD3d 816, 817 [2005]; cf. Sutton v Hafner Valuation Group, Inc., 115 AD3d 1039, 1041 [2014]). Inasmuch as plaintiff's proof did not establish that it would have led to a different result, the motion to renew was properly denied (see CPLR 2221 [e]). Plaintiff's remaining contentions, to the extent not specifically addressed, have been considered and found to be lacking in merit.

McCarthy, J.P., Devine and Clark, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion to dismiss the breach of contract, intentional infliction of emotional distress and prima facie tort counterclaims; motion granted to that extent and said counterclaims dismissed; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court