OPINION OF THE COURT
Timothy J. Lawliss, S.
On February 14, 2014, the Clinton County Sheriffs Department (hereinafter the County) received a call of possible dead and downed cattle at 557 Rapids Road, Champlain, New York (hereinafter the Guay Farm). Between February 14, 2014 and February 28, 2014, County officers visited the Guay Farm on multiple occasions in conjunction with the original complaint. On February 28, 2014, the Guay Farm’s owner, Gerald Guay, was arrested and charged with 39 counts of animal cruelty (Agriculture and Markets Law § 353) and the County seized the Guay Farm cattle pursuant to a search warrant.
From the time that the cattle were seized until June 29, 2014, the County kept the cattle at Maple Shade Farm. The County paid Maple Shade Farm $15,885.74 for their care of the seized cattle. From the time the County began its investigation through June 29, 2014, the County paid Palmer Veterinary Clinic $953.07 to provide veterinary services for the cattle.
On June 29, 2014 the seized cattle were sold and the proceeds of the sale were given to Mr. Guay’s sister, Julie. Two days later, on July 1, 2014, Mr. Guay passed away. The aforementioned criminal charges were still pending at the time of Gerald Guay’s death and, therefore, were dismissed. (See People v Carey, 124 AD3d 982 [3d Dept 2015].)
By decree granting administration, dated May 15, 2015, the Clinton County Surrogate’s Court (Ryan, J.) ordered that let *1157 ters of administration be issued to Tyler Guay and Katie Guay for the estate of Gerald Guay. On June 30, 2015, the County filed a notice of claim with the Surrogate’s Court of the State of New York, Clinton County, directed towards the estate, for services paid for by the County and rendered by Maple Shade Farm and Palmer Veterinary Clinic. In support of the claim, the County submitted the affirmation of James J. Coffey, Esq., dated June 8, 2016 with the following attachments: a copy of the decree granting administration dated May 15, 2015 (Ryan, J.); letters of administration dated May 15, 2015; notice of claim dated June 29, 2015; statements from the service providers; and the affidavit of Clinton County Sheriff David Favro dated June 21, 2015 with attachments. In response to the claim, the estate filed an answer dated June 27, 2016. The County filed a reply affidavit on July 11, 2016.
On January 19, 2017, the court conducted an evidentiary hearing on the claim, and thereafter, the court reviewed the County’s memorandum of law dated March 30, 2017 and the estate’s memorandum of law dated April 10, 2017.
The County asserts their claim is based upon two theories:
“The first legal theory is quantum meruit. ‘A party may recover the value of work, labor or services in an action for quantum meruit, which means “as much as deserved.” ’ ‘Such an action is premised upon the finding of an implied rather than an express promise, by the defendant to pay the plaintiff as much as reasonably deserved.’ ‘The doctrine of quantum meruit is used as a device for the prevention of unjust enrichment of one party at the expense of another in the absence of a valid contract on which liability may be based.’ (22A NY Jur 2d Contracts § 609 [§ 609, Quantum meruit, unjust enrichment]).” (County’s mem of law at 3.)
“The second legal theory upon which petitioner’s claim is based is that of quasi contract. ‘In the case of a contract implied in law rather than implied in fact, there is no actual contract imposing the obligation—the obligation does not rest on consent of the parties or their intent to form an agreement. It is an obligation that the law creates in the absence of any agreement and is based upon equity and good conscience in order to prevent unjust enrichment of one party at the expense of another.’ (22A NY Jur 2d Contracts § 607 [§ 607, Contracts implied in law; *1158 quasi-contracts]).” {Id. at 4.)
In opposition, the estate asserts that
“while the County lists ‘quantum meruit’ and ‘quasi contract/unjust enrichment’ as its two theories of recovery, these are not truly distinct and separate cause of action. Quantum meruit and unjust enrichment are both terms used to advance a quasi-contract cause of action when no express agreement exists between a plaintiff and defendant, but the plaintiff has provided some services of benefit to the defendant, and the defendant would be unjustly enriched if the court did not intervene with an equitable award of damages to the plaintiff. See Seiden Assoc., Inc. v ANC Holdings, Inc., 768 F Supp 89, 96 (S.D.NY 1991) (explaining that ‘quantum meruit and unjust enrichment are not separate causes of action,’ and that ‘unjust enrichment is a required element for an implied-in-law, or quasi contract, and quantum meruit, meaning “as much as he deserves,” is one measure of liability for the breach of such a contract’), rev’d on other grounds, 959 F2d 425 (2d Cir. 1992); Leibowitz v Cornell Univ., 584 F3d 487, 509 (2d Cir. 2009) (‘[A]pplying New York law, we may analyze quantum meruit and unjust enrichment together as a single quasi contract claim’).” (Estate’s mem of law at 3-4.)
New York law recognizes several quasi-contractual remedies, including quantum meruit and unjust enrichment. As argued by the estate, quantum meruit and unjust enrichment can prove to be essentially identical claims depending upon the context of the matter. (See Snyder v Bronfman, 13 NY3d 504 [2009].) In the instant matter, the court will address them separately.
The elements of quantum meruit are as follows: (1) the plaintiff’s performance of services in good faith; (2) acceptance of those services by the other party; and (3) an expectation of compensation and proof of the reasonable value of services. (See Hyman v Burgess, 125 AD3d 1213 [3d Dept 2015]; DerOhannesian v City of Albany, 110 AD3d 1288 [3d Dept 2013].) In this action, the element of acceptance is fatal to the County’s quantum meruit argument. Under no reading of the record can the court find that Mr. Guay ever voluntarily accepted the actions taken by either the County or the service providers, whose actions were performed at the request of the County. Accord *1159 ingly, the County failed to establish it is entitled to any relief based upon a theory of quantum meruit.
The elements of unjust enrichment are as follows: (1) another party was enriched; (2) at the plaintiffs expense; and (3) “that it is against equity and good conscience to permit the other party to retain what is sought to be recovered.” (Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [2012].) For purposes of addressing the County’s claim of unjust enrichment, the court assumes, without finding, that the service providers, and thus the County upon payment of the service providers’ bills, enriched Mr. Guay. Had Mr. Guay been convicted of animal cruelty, it would be against equity and good conscience to permit Mr. Guay (and, therefore, the estate) to retain his enrichment at the County’s expense.
However, those charges were dismissed. When such charges are dismissed, Agriculture and Markets Law § 373 (6) (c) provides, in relevant part:
“The person who posted the security shall be entitled to a full refund of the security, including reimbursement by the impounding organization of any amount allowed by the court to be expended, and the return of the animal seized and impounded upon acquittal or dismissal of the charges, except where the dismissal is based upon an adjournment in contemplation of dismissal.”
It would be directly contrary to the Agriculture and Markets Law to require the estate to reimburse the County for its expenses when the statutory provisions specifically provide that the estate is entitled to a refund of any amounts expended for the benefit of the seized animals, which were previously allowed by the court, upon the dismissal of the charges.
This court concurs with the following holding made in Catskill Animal Sanctuary v Sitors (2007 NY Slip Op 32438 [U], *8-9 [Sup Ct, Ulster County 2007]):
“As a part of the relief requested in the complaint, plaintiff seeks reimbursement of $61,000.00 expended to board and care for the horses. Ordinarily, the Court would be of the view that the entity which provided board and care for animals should be entitled to reimbursement of the reasonable costs of same on a theory of quasi contract, inasmuch as ‘but for’ the seizure of the animals, the owner would have had to bear this expense. As set *1160 forth above, however, where an owner is required to post security for payment of such expenses, and where the owner is ultimately acquitted of the charges, the owner is entitled to a full refund of the security posted, including amounts allowed by the Court to be expended (see Agriculture and Markets Law § 373 [6] [c]). It appears that in the event of acquittal of the charges, the State Legislature did not intend that the temporary custodian of the horses be reimbursed by the owner for board and care of the animals. Under the circumstances, the Court finds that the claim for reimbursement fails to state a cause of action.”
Thus, although the elements of an unjust enrichment claim may have been met had there been a conviction, Mr. Guay’s presumption of innocence survives his death and thus, upon the abatement of the criminal charges, the claim fails for reasons set forth above.
The County raises no additional theories under which this court should grant the claim.
It is, now, hereby ordered that the motion brought by order to show cause dated June 9, 2016 is hereby denied; and it is further ordered that the County’s notice of claim filed on June 30, 2015 is hereby denied and dismissed in all respects.