Ripka v County of Madison (2018 NY Slip Op 04624)





Ripka v County of Madison


2018 NY Slip Op 04624


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018

525760

[*1]JO-ANN RIPKA, Appellant,
v
COUNTY OF MADISON et al., Respondents.

Calendar Date: April 26, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Rumsey, JJ.


Antonucci Law Firm, LLP, Watertown (David P. Antonucci of counsel), for appellant.
Martin & Rayhill, PC, Utica (Kevin G. Martin of counsel), for respondents.


Mulvey, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Cerio Jr., J.), entered July 12, 2017 in Madison County, which granted defendants' motion to dismiss the amended complaint.
Plaintiff is the former foster parent of a child who was placed in her care through Hillside Family of Agencies, a licensed foster care agency. During a meeting on March 10, 2015, a letter was tendered to plaintiff advising her that defendant County of Madison Department of Social Services (hereinafter DSS) had decided to remove the child from her foster home due to "excessive punishment" and "insistent questioning" of the child. Plaintiff alleges that the statements in the letter — which was signed by defendant Alan Hall, a DSS caseworker, and defendant Tim Brown, a DSS supervisor — were false and defamatory and that the letter was published "to various employees of Hillside and others at the meeting."
Plaintiff served defendants with a notice of claim in April 2015 and commenced this action on July 18, 2016. The complaint, as amended, asserted causes of action for defamation, intentional interference with relationships, prima facie tort, intentional infliction of emotional distress, breach of contract and breach of statute, and sought injunctive relief precluding defendants from publicly or privately commenting on plaintiff's professional and personal affairs. Defendants moved to dismiss the amended complaint as barred by the statute of limitations and for failure to state a cause of action. Supreme Court granted the motion, finding that each of the claims set forth in the amended complaint failed to state a cause of action and, further, that the defamation claim was subject to dismissal on the additional ground that it was time-barred. This [*2]appeal by plaintiff ensued.[FN1]
We discern no error in Supreme Court's dismissal of plaintiff's defamation cause of action. An action against a municipality for defamation must be commenced within one year and 90 days from the publication of the allegedly defamatory statements (see General Municipal Law § 50-i [1] [c]; Coe v Town of Conklin, 94 AD3d 1197, 1198 [2012]). The notice of claim and amended complaint assert that the letter containing the allegedly defamatory statements was disseminated to various individuals at the meeting that took place on March 10, 2015 [FN2]. Inasmuch as plaintiff commenced this action more than one year and 90 days from that date, the defamation claim against defendant County of Madison and DSS was untimely. With respect to Hall and Brown, the statute of limitations depends on whether they were acting within the scope of their employment when they made the allegedly defamatory statements. If they were, the one year and 90-day statute of limitations set forth in General Municipal Law § 50-i would apply. If, instead, they were acting on their own behalf when they made such statements, the shorter one-year statute of limitations set forth in CPLR 215 (3) would apply (see generally Coe v Town of Conklin, 94 AD3d at 1198-1199; Ruggiero v Phillips, 292 AD2d 41, 44 [2002]). Either way, the claim as against Hall and Brown was untimely. Supreme Court therefore properly concluded that the defamation cause of action, which also suffers from other fatal infirmities, was time-barred in its entirety.
Plaintiff's causes of action for tortious interference with business relations and prima facie tort cannot survive, as they are based on the same substantive facts pleaded with respect to her defamation cause of action and, thus, are duplicative of that claim (see Matthaus v Hadjedj, 148 AD3d 425, 426 [2017]; Perez v Violence Intervention Program, 116 AD3d 601, 602 [2014], lv denied 25 NY3d 915 [2015]; Fleischer v NYP Holdings, Inc., 104 AD3d 536, 538-539 [2013], lv denied 21 NY3d 858 [2013]; Curren v Carbonic Sys., Inc., 58 AD3d 1104, 1109 [2009]; Butler v Delaware Otsego Corp., 203 AD2d 783, 784 [1994]). In any event, plaintiff fails to state a claim as to either cause of action, inasmuch as "[t]here is no factual allegation whatsoever, conclusory or otherwise, that defendant[s]' conduct was motivated solely by malice" (Maas v Cornell Univ., 245 AD2d 728, 731 [1997]; see Curiano v Suozzi, 63 NY2d 113, 117 [1984]; Lisi [*3]v Kanca, 105 AD3d 714, 714 [2013]; Lancaster v Town of E. Hampton, 54 AD3d 906, 908 [2008]; Northeast Wine Dev., LLC v Service-Universal Distribs., Inc., 23 AD3d 890, 893 [2005], affd 7 NY3d 871 [2006]). Nor are there any factual averments in the amended complaint that would support such a finding (see Hyman v Schwartz, 127 AD3d 1281, 1284-1285 [2015]; Wiggins & Kopko, LLP v Masson, 116 AD3d 1130, 1131-1132 [2014]; Montano v City of Watervliet, 47 AD3d 1106, 1109-1110 [2008]; Lerwick v Kelsey, 24 AD3d 931, 932 [2005], lv denied 6 NY3d 711 [2006]).
Plaintiff's breach of contract cause of action is grounded upon her allegation that the County was a party to the contract that she entered into with Hillside for the provision of foster care services. While we must liberally construe the pleadings and assume the truth of the allegations therein when considering a motion to dismiss pursuant to CPLR 3211 (a) (7), this liberal standard "will not save allegations that consist of bare legal conclusions or factual claims that are flatly contradicted by documentary evidence or are inherently incredible" (DerOhannesian v City of Albany, 110 AD3d 1288, 1289 [2013], lv denied 22 NY3d 862 [2014]; accord Graven v Children's Home R.T.F., Inc., 152 AD3d 1152, 1153 [2017]; Hyman v Schwartz, 127 AD3d at 1283). In support of their motion to dismiss, defendants produced a copy of the contract between plaintiff and Hillside, to which the County is not a party. Because this proof utterly refutes plaintiff's allegation that a contractual relationship existed between herself and the County with regard to her provision of foster care services, the breach of contract cause of action was properly dismissed (see Hyman v Schwartz, 127 AD3d at 1283; DerOhannesian v City of Albany, 110 AD3d at 1290).
We reach a similar conclusion with respect to the cause of action for breach of statute. In the amended complaint, plaintiff alleges that defendants breached "[t]he Social Services Law . . . and related statutes" relative to the investigation of abuse or mistreatment of a child. Plaintiff does not specify what rule, regulation or statute that defendants breached, nor does she set forth the damages, if any, that she incurred as a result of the alleged breach. To the extent that this cause of action can be read to allege a breach of the statutory provisions pertaining to the removal of a child from a foster home, her recourse was the procedure set forth in Social Services Law § 400 and 18 NYCRR 443.5, which "provides the sole remedy for foster parents who wish to challenge removal of a child" (Matter of Dina Michelle S., 236 AD2d 544, 545-546 [1997]; see People ex rel. Ninesling v Nassau County Dept. of Social Servs., 46 NY2d 382, 386 [1978]). Having failed to avail herself of those remedies, her cause of action for breach of statute must be dismissed (see Matter of Passantino v D'Agostino, 229 AD2d 395, 395 [1996]; Matter of Nancy H. [New York City Dept. of Social Servs.], 203 AD2d 575, 576 [1994], lv denied 84 NY2d 804 [1994]). To the extent not addressed herein, plaintiff's remaining contentions are lacking in merit.
Garry, P.J., Egan Jr., Clark and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1:Plaintiff raises no arguments in her brief with respect to the dismissal of her intentional infliction of emotional distress cause of action and her claim for injunctive relief. Accordingly, any challenge thereto is deemed abandoned (see Fallati v Concord Pools, Ltd., 151 AD3d 1446, 1447 n 2 [2017]; NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 141 AD3d 785, 787 n 4 [2016]).

Footnote 2:To the extent that the amended complaint alleges that the letter was also published "to others not in attendance at the meeting," plaintiff's failure to "sufficiently articulate the
. . . time, manner and persons to whom the alleged defamatory statements were made" requires dismissal of this portion of the claim (Dobies v Brefka, 273 AD2d 776, 777 [2000] [internal quotation marks and citations omitted], lv dismissed 95 NY2d 931 [2000]; see CPLR 3016 [a]; Place v Ciccotelli, 121 AD3d 1378, 1380 [2014]).