OPINION OF THE COURT
Alan LeVine, J.
This is a motion for summary judgment and to dismiss the complaint herein upon the grounds that the causes of action alleged by the plaintiff, Outdoor Scenes, Inc. are barred by the Statute of Limitations.
A verified summons and complaint was served on the defendant, Grace, dated August 29,1980 and alleged “that between August 29, 1974 and December 31, 1975, the plaintiff sold and delivered to the defendant and planted, at the defendant’s specific instance and request, thirteen trees for use at a project known as Fort Hamilton Parkway, Brooklyn, New York, contract #CTHHK214A, for the agreed price and reasonable value of $2,735.00.”
Thereafter, payment was not received by Outdoor Scenes and they brought this action to recover moneys due on August 29, 1980 more than-four years after the original contract for sale had been completed by the delivery and implantation of the afore-mentioned trees.
The crux of this case hinges on only one issue, whether the Statute of Limitations as set forth in subdivision (1) of section 2-725 of the Uniform Commercial Code or the Statute of Limitations as set forth in CPLR 213 (subd 2) *37 will apply to the alleged breach of contract by the defendant, Grace. The importance here is that if subdivision (1) of section 2-725 of the Uniform Commercial Code Statute of Limitations of four years applies to this case rather than the CPLR 213 (subd 2) of six years, the plaintiff’s action would be time barred since more than four years have elapsed since the breach of contract and the service of the summons and verified complaint, although less than six years has elapsed since that date.
In order to determine which of the two statutes will apply, it is important to determine whether this contract for the sale of trees is a contract for the sale of goods and governed by the Uniform Commercial Code or a contract for labor and services and governed by the six-year period of the CPLR.
The Appellate Division, Third Department, clearly defined the dichotomy of goods versus labor and services in Schenectady Steel Co. v Trimpoli Gen. Constr. Co. (43 AD2d 234, 34 NY2d 939). In the above-mentioned case the court had to determine if a contract to furnish and erect the structural steel necessary to construct a bridge was a contract for goods or labor and services. “In our opinion the Uniform Commercial Code was not applicable here. The code applies to transactions involving goods, but its provisions, as with its predecessor, the Uniform Sales Act, are not applicable to either ‘service’ or ‘construction’ contracts.” (43 AD2d, p 236.)
“If service predominates and the transfer of title to personal property is an incidental feature of the transaction, the contract does not fall within the ambit of the code as it did not fall within the ambit of the Sales Act *** And the contract in the instant case was a contract for the rendition of services, a work, labor and materials contract, rather than a contract for the sale of goods, the steel beams involved. Upon an examination of the contractual terms, appellant was obligated to “furnish and erect the structural steel”, and the objective of the parties was, therefore, clearly to secure the erection of the structural steel for the bridge. Respondent was not contracting simply for the steel beams but in essence for their erection and installation with the transfer of the title to the steel a mere incident of *38 the over-all transaction, a mere accessory to the work and labor to be performed.” (Schenectady Steel Co. v Trimpoli Gen. Constr. Co., supra, at p 237.)
In applying this goods/service dichotomy, it is necessary to determine the predominant purpose of the contract. In this case, clearly the sale of 13 trees predominates in this contract and the implanting of said trees is merely the fulfilling of the contract obligation. The case in hand can clearly be distinguished from the Schenectady Steel case (supra), in that, that case deals with steel beams and the building of a bridge whereby the appellate court found that a service contract predominated since the buyer had bargained for a bridge, not just steel beams. In the instant case, clearly the buyer, defendant herein, bargained for trees, with their implantation ancillary to the meaning of the contract. Surely the plaintiff doesn’t make the argument that these 13 trees are part of a nursery and that each of the trees are but part of an integral scheme and design so as to allege a service-oriented contract.
An examination of the Uniform Commercial Code clearly shows that the within case falls within the, statutory framework.. Subdivision (1) of section 2-106 of the Uniform Commercial Code states: “In this Article unless the contract othérwise requires, ‘contract’ and ‘agreement’ are limited to those relating to the present or future sale of goods. ‘Contract for sale’ includes both a present sale of goods and a contract to sell goods at a future time. A ‘sale’ consists in the passing of title from the seller to the buyer for a price (Section 2-401).” Therefore a contract for sale under the Uniform Commercial Code would be any contract which purports to pass title of goods from the seller to the buyer. The key word of course is goods. Section 2-105 of the Uniform Commercial Code states that: “(1) ‘Goods’ means all things (including specially manufactured goods) which are moveable at the time of identification to the contract for sale other than the money in which the price is to be paid * * * (2) Goods must be both existing and identified before any interest in them can pass. Goods which are not both existing and identified are ‘future’ goods. A purported present sale of future goods or of any interest therein operates as a contract to sell.”
*39 Under the existing terms of the contract between the parties, the trees fall within the definition of goods or future goods and therefore there is a contract of sale.
The plaintiff seller argues that subdivision (2) of section 2-107 of the Uniform Commercial Code should apply: “A contract for the sale, apart from the land, of growing crops or other things attached to realty and capable of severance without material harm thereto but not described in subsection (1) or of timber to be cut is a contract for the sale of goods within this article” (emphasis added). The plaintiff goes on to argue that since the contract called for various approvals after the implantation of the trees they could not be severed from the realty without harm thereto and therefore the trees could not be as defined under sections 2-107 and 2-105 of the Uniform Commercial Code. The plaintiff also argues that since the trees would be implanted prior to the various approvals of the Department of Highways and Parks, they were not moveable at the time of identification to the contract as required by subdivision (1) of section 2-105 of the Uniform Commercial Code.
The court disagrees with the plaintiff’s theories. The trees were identified prior to their being planted and while the parties had no plans as to the trees being severed from the realty after implantation, this does not fall within the ambit of the rule set forth in sections 2-105 and 2-107 of the Uniform Commercial Code. The situation is very clear that the purported contract is for the sale of goods, namely, trees and this aspect predominates the contract. Perhaps it is apt to use an old nursery rhyme to describe this situation: “the trees stand alone”.
Therefore, the court must find that the applicable Statute of Limitations is the one prescribed in subdivision (1) of section 2-725 of the Uniform Commercial Code. “An action for breach of any contract for sale must be commenced within four years after the cause of action accrued”.
The plaintiff’s cause of action in the within complaint accrued on December 31, 1975 and more than four years have elapsed, thereby time barring the herein action. The court therefore grants summary judgment in favor of the *40 defendant, Grace, and dismisses the complaint against them.