■ RICHARD LEATHER, Appellant-Respondent, v UNITED STATES TRUST COMPANY OF NEW YORK et al., Respondents-Appellants. [720 NYS2d 448] —Order, Supreme Court, New York County (Edward Lehner, J.), entered March 10, 2000, which, in an action against a financial planning company for losses allegedly sustained as a result of defendant's failure to advise plaintiff that his pension plan had become fully funded and needed to be rolled over into an IRA in order to avoid excise taxes, granted defendant's motion to dismiss the complaint for failure to state a cause of action insofar as directed to the causes of action for professional malpractice and breach of fiduciary duty, and denied the motion insofar as directed to the cause of action for breach of contract, unanimously affirmed, without costs.

Although, under the contract cause of action, the complaint mentions only "a series of contracts and agreements" entered into in or about March 1992, plaintiff's affidavit in opposition makes clear (*see, Leon v Martinez,* 84 NY2d 83, 88) that he is

alleging an oral agreement with defendant entered into in the early stages of their relationship. Such claim has support in the June 1991 letter that defendant wrote to plaintiff, submitted by defendant, in which it stated that it would be "pleased to provide you with a comprehensive financial plan," including "recommendations with respect to," among other things, "the election of retirement benefits, use of deferral and investment programs, selection of beneficiaries, *and tax implications.*" (Emphasis added.) In addition, the services mentioned in the complaint that defendant allegedly agreed to provide in "a series of contracts and agreements," namely, "investment planning advice, management of [plaintiff's] investment portfolios, tax-planning advice, and retirement and estate planning advice," essentially mirror those mentioned in this letter concerning which defendant was indicating its pleasure to provide recommendations, namely, investments, taxes, estate planning and retirement planning. Liberally construed (*see, id.*, at 87), the complaint states a cause of action for breach of contract to provide tax advice by alleging defendant's failure to provide advice about the tax implications of the fully funded status of the defined benefit plan that was set up in April 1992 pursuant to defendant's recommendation.

A different result is not required by the provisions in the formal pension plan documents to the effect that the plan's adoption, qualification with the IRS, related tax consequences and termination were the responsibility of plaintiff and his or the plan's independent tax and legal advisors. Such provisions do not conclusively establish, as a matter of law (*see, id.*, at 88), that defendant was relieved of its alleged contractual obligation to advise plaintiff that the plan had become fully funded and needed to be rolled over into an IRA.

The cause of action for "negligence" and "gross negligence," which plaintiff later referred to as a "malpractice" claim against "professionals [who] fail[ed] to give proper financial and tax advice," and the cause of action for breach of fiduciary duty, are based on the same allegations set forth in the cause of action for breach of contract claim, and were properly dismissed as redundant (*see, DiPlacidi v Walsh*, 243 AD2d 335). We would add that plaintiff makes no showing that defendants were engaged in a "profession," i.e., "an occupation generally associated with long-term educational requirements leading to an advanced degree, licensure evidencing qualifications met prior to engaging in the occupation, and control of the occupation by adherence to standards of conduct, ethics and malpractice liability" (*Santiago v 1370 Broadway Assocs.*, 264 AD2d 624,

624-625). Concur—Tom, J. P., Ellerin, Wallach, Lerner and Buckley, JJ.