■ NORMAN ANNENBERG, Appellant-Respondent, v ANTONIO CALVO et al., Respondents-Appellants. [776 NYS2d 38]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered March 11, 2003, which granted plaintiff's motion for summary judgment only to the extent of striking the second, fourth and fifth affirmative defenses and dismissing all counterclaims, denied defendants' cross motion to dismiss the complaint against the individual defendants for lack of personal jurisdiction, and, upon search of the record, dismissed the second cause of action and all claims of compensation for legal services rendered prior to April 23, 1996, unanimously modified, on the law, to also strike the ninth affirmative defense, and to reinstate the claims accruing prior to April 23, 1996, and otherwise affirmed, without costs.

The gist of this lawsuit is a claim for legal services rendered over a period of 14 years. The parties dispute the nature of their relationship. Plaintiff, appearing pro se, claims he refrained from billing for various services so as not to interfere with defendants' cash flow, while defendants contend that plaintiff provided legal services gratis to his close friend, defendant Antonio Calvo, in exchange for personal favors over the years, such as chauffeuring, construction and extermination services, and gifts of electronic equipment. Whatever the nature of the relationship, there are clearly factual issues of credibility.

Notwithstanding defendants' claims that they never intended to pay for legal services, the record establishes four relatively small payments by them to plaintiff for such assistance. Plaintiff calls these partial payments, whereas defendants maintain they were specifically referable to particular legal services, notwithstanding the general notations for "legal services" on the checks. The parties' competing versions create issues of fact as to the purpose of these payments.

Since the nature of the relationship requires further exploration, it was premature for the court to search the record on its own initiative, dismissing all claims for services rendered more than six years prior to the lawsuit. Defendants never moved to dismiss on statute-of-limitations grounds. On this record, plaintiff's claim that he received partial payments for prior services sufficient to toll the statute of limitations cannot be rejected as a matter of law.

With regard to the ninth affirmative defense, laches is not available in an action at law (*see Republic Ins. Co. v Real Dev. Co.*, 161 AD2d 189, 190 [1990]), and the assertion of estoppel, based on defendants' alleged reliance to their detriment on plaintiff's promises not to bill for services, is unsupportable and highly speculative. The counterclaim under Judiciary Law § 487 was properly dismissed.

Finally, we agree with the court that further discovery is needed before determining whether long-arm jurisdiction was properly acquired over the individual defendants. We have reviewed the parties' remaining arguments for affirmative relief and find them to be without merit. Concur—Nardelli, J.P., Andrias, Sullivan and Ellerin, JJ.