■ Lisa Felice et al., Respondents, v American A.W.S. Corp., Defendant, and A.G.A. Home Improvements, Appellant. (And a Third-Party Action.) [846 NYS2d 656]—

In an action, inter alia, to recover damages for breach of

contract, the defendant A.G.A. Home Improvements, appeals, as limited by it brief, from so much of an order of the Supreme Court, Suffolk County (Weber, J.), dated October 24, 2006, as denied those branches of its motion which were, in effect, for summary judgment dismissing the complaint insofar as asserted against it as time-barred and for leave to plead the affirmative defense of the statute of limitations.

Ordered that the order is modified, on the facts and as an exercise of discretion, by deleting the provision thereof denying that branch of the motion of the defendant A.G.A. Home Improvements, Inc., which was for leave to plead the affirmative defense of the statute limitations, and substituting therefor a provision granting that branch of the motion which was for leave to plead the defense of statute of limitations only insofar as the complaint asserts a cause of action to recover damages for personal injuries predicated upon the alleged exposure to a toxic substance within the meaning of CPLR 214-c, and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In 2002 the plaintiffs entered into a home improvement contract with the defendant American A.W.S. Corp. (hereinafter American) for renovation of their house in Centereach. Thereafter, American subcontracted a portion of the work to the defendant A.G.A. Home Improvements (hereinafter AGA). The plaintiffs commenced this action against American and AGA alleging, inter alia, that AGA negligently performed the work, resulting in water leaks and the formation of mold. The plaintiffs further alleged that such conditions caused property damage and personal injuries. AGA sought leave to interpose an amended answer which included, inter alia, the affirmative defense of statute of limitations. AGA contended that the plaintiffs' causes of action sounded in negligence and thus were governed by a three-year statute of limitations.

The Supreme Court properly declined to grant AGA leave to plead the statute of limitations defense with respect to those causes of action which asserted claims for property damage. The claims for property damage "are grounded in the breach of a construction contract and as a general rule, the breach of a contract does not give rise to tort liability unless a legal duty independent of the contract itself has been violated" (*Teller v Bill Hayes, Ltd.*, 213 AD2d 141, 144 [1995]; *see also Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]). Here it is clear that the plaintiffs' property damage causes of action are based upon breach of the renovation contract which

was entered into between the plaintiffs and American. Furthermore, the complaint does not allege the breach of any independent legal duty by the defendants which is extraneous to the breach of contract causes of action insofar as the property damage claims are concerned. Thus the court correctly concluded that these claims are governed by a six-year statute of limitations (*see* CPLR 213) and, under the facts of this case, those claims were timely asserted (*cf. Anderson v Nottingham Vil. Homeowner's Assn., Inc.*, 37 AD3d 1195 [2007]).

However, the Supreme Court should have granted AGA leave to plead the statute of limitations defense insofar as the complaint pleaded a cause of action to recover damages for personal injuries based upon exposure to a toxic substance. CPLR 214-c (2) states that such claims must be asserted within three years "from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier." While there is evidence that the plaintiffs commenced their lawsuit against AGA within three years after they learned about their alleged mold-exposure-related symptoms, there is an issue as to whether they could have discovered that injury earlier. Accordingly, it was premature to exclude the defense of the statute of limitations regarding this cause of action (*see generally Annenberg v Calvo*, 7 AD3d 263 [2004]; *Gravel v Cicola*, 297 AD2d 620 [2002]).

AGA's remaining contention is without merit. Santucci, J.P., Krausman, Lifson and McCarthy, JJ., concur.