■ SYLVIA KORDOWER-ZETLIN, Respondent, v THE HOME DEPOT U.S.A., INC., et al., Defendants, and CONTRACTOR RESOURCE CENTER CORP. et al., Appellants. [22 NYS3d 22]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered May 15, 2014, which denied defendants Contractor Resource Center Corp. (CRC) and Ezra Esha's motion to dismiss the complaint as against them pursuant to CPLR 3211

(a) (7), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against said defendants.

Plaintiff entered into a contract with defendant the Home Depot U.S.A., Inc., whereby the latter would act as general contractor to renovate her residence. Home Depot hired CRC, Esha, and other defendants not relevant to this appeal as subcontractors. Plaintiff alleges that the work was substandard, shoddy, unworkmanlike, defective, and negligently performed. She also alleges that defendants caused damage to her property, including a mahogany staircase, railings, wood-paneled hallways, artwork, and family heirloom furniture, and that an employee or independent contractor of defendants stole jewelry and artwork from her. In addition to suing Home Depot for breach of contract, plaintiff sued CRC and Esha (among others) for negligence/gross negligence and unjust enrichment.

"[C]laims based on negligent or grossly negligent performance of a contract are not cognizable" (*Pacnet Network Ltd. v KDDI Corp.*, 78 AD3d 478, 479 [1st Dept 2010]). This principle applies even when the plaintiff's agreement is with the general contractor, not the subcontractors (*see Felice v American A.W.S. Corp.*, 46 AD3d 505 [2d Dept 2007]).

Plaintiff's reliance on her allegation that CRC and Esha's work was so negligently done that New York City agencies found violations of City Codes is misplaced. *New York Univ. v Continental Ins. Co.* (87 NY2d 308 [1995]) rejected the argument "that statutory provisions necessarily or generally impose tort duties independent of contractual obligations" (*id.* at 317).

Contrary to plaintiff's contention that CRC and Esha had an extracontractual duty to work safely, "tort liability for breach of contract will not be imposed merely because there is some safety-related aspect to the unfulfilled contractual obligation" (*Church v Callanan Indus.*, 99 NY2d 104, 112 [2002]).

Relying on *Espinal v Melville Snow Contrs.* (98 NY2d 136 [2002]), plaintiff contends that in entering into a subcontract with Home Depot, CRC and Esha assumed a duty of care to her. However, *Espinal* did not involve the duplication or classification of tort and contract claims. Plaintiff's purported negligence/gross negligence claim is really a contract claim (*see Sommer v Federal Signal Corp.*, 79 NY2d 540, 552 [1992] ["In disentangling tort and contract claims, (courts) have . . . considered the nature of the injury, the manner in which the injury occurred and the resulting harm"]).

The unjust enrichment claim must be dismissed because the subject matter of the claim is governed by plaintiff's contract

with Home Depot (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]). This is so even though the quasi contract claim is asserted against the subcontractors, who were not signatories to that contract (*see e.g. Bellino Schwartz Padob Adv. v Solaris Mktg. Group*, 222 AD2d 313 [1st Dept 1995]; *Feigen v Advance Capital Mgt. Corp.*, 150 AD2d 281, 283 [1st Dept 1989], *lv dismissed in part, denied in part* 74 NY2d 874 [1989]). There is no indication in the record that Home Depot disputes the existence of the contract or its application to the instant dispute. Concur—Mazzarelli, J.P., Acosta, Moskowitz and Richter, JJ.