■ Marc Starr, Appellant, v Fuoco Group LLP et al., Defendants, and Eureka Capital Markets, LLC, et al., Respondents. [26 NYS3d 853]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered October 27, 2014, which granted defendants Eureka Capital Markets, LLC (Eureka), Mark Hyman, and Lana Simkina's (collectively, the Eureka defendants) motion to dismiss the third and fourth causes of action (negligence and gross negligence) pursuant to CPLR 3211 (a) (1) and (7), unanimously affirmed, with costs.

While "[p]rofessionals . . . may be subject to tort liability for failure to exercise reasonable care, irrespective of their contractual duties" (*see Sommer v Federal Signal Corp.*, 79 NY2d 540, 551 [1992]), a financial advisor such as Eureka is not a "professional" (*see Leather v United States Trust Co. of N.Y.*, 279 AD2d 311, 311-312 [1st Dept 2001]). Thus, any duty owed by the Eureka defendants to render financial advisory services to plaintiff in a competent manner must arise out of a contract. Indeed, the complaint alleges that plaintiff "retained" the Eureka defendants and that Eureka "*agreed* to act as [his] financial advisor" (emphasis added).* However, "[c]laims based on negligent or grossly negligent performance of a contract are not cognizable" (*Kordower-Zetlin v Home Depot U.S.A., Inc.*, 134 AD3d 556, 557 [1st Dept 2015] [internal quotation marks omitted]). Concur—Tom, J.P., Friedman, Saxe and Richter, JJ.

---

* The parties dispute whether such a contract would have to be in writing. We need not resolve that dispute, since plaintiff is not suing for breach of contract.