[47 NYS3d 324]

Karolina Hagman, Doing Business as Karolina Hagman Interior Design, Appellant, v Kristen Swenson et al., Respondents.

First Department, February 23, 2017

### APPEARANCES OF COUNSEL

*The Law Office of Greg Curry, P.C.*, Hauppauge (*Greg Curry* of counsel), for appellant.

*Cohen & Gresser LLP*, New York City (*Nathaniel P.T. Read* and *Joanna K. Chan* of counsel), for respondents.

### OPINION OF THE COURT

Acosta, J.P.

Mixed transaction contracts, involving both goods and services, require a determination as to whether the transaction is predominantly one for goods or one for services, for statute of limitations purposes. In this case, the issue is raised in the context of a contract that provides for interior design services, including the procurement of furniture and other items

required for achieving the desired design. Interestingly, notwithstanding that interior design services are apparently in much demand in New York, to our knowledge, there are no published opinions on this issue in this state. The action arises from an unpaid bill mostly for furniture and other items. The primary question on appeal is whether plaintiff's breach of contract claim is governed by the four-year statute of limitations set forth in UCC 2-725 for breach of a sale-of-goods contract or the six-year statute of limitations in CPLR 213 for breach of a services contract. We find that the transaction in this case is predominantly one for services (*Levin v Hoffman Fuel Co.*, 94 AD2d 640 [1st Dept 1983], *affd* 60 NY2d 665 [1983]), and the sale of goods is merely incidental to the services provided. Accordingly, plaintiff's breach of contract claim is timely.

Plaintiff, an expert in interior and exterior design, alleges that she and defendant Kristen Swenson entered into a contract in June 2007 for interior design services. The contract provided that Ms. Swenson would be liable for payment of plaintiff's creative design services as well as the cost of furniture and other tangible items needed to achieve plaintiff's vision. Plaintiff alleged in the complaint that the predominant feature of the contract was her creative design services, with the furniture and other tangible items being incidental to such services.

Pursuant to the contract, from December 2007 through July 2010, plaintiff renovated and decorated numerous rooms in defendants' home in Tuxedo Park, New York. She also provided landscaping, exterior painting, and other exterior decorating services, which were billed separately. Plaintiff ultimately performed interior design services for three of defendants' houses. Defendants relied on plaintiff's creativity and vision as well as her choice, arrangement, and placement of each tangible item. Ms. Swenson allegedly accepted and approved plaintiff's designs and all furniture and items that plaintiff chose, placed, and arranged at the Tuxedo Park home.

Plaintiff delivered bills to defendants on a regular basis. The bills included "list prices" for the various items. The "list prices" consisted of the price of furniture and other items that plaintiff paid her suppliers, i.e., the "net price," and plaintiff's fee for creative design services. Plaintiff alleges that this fee arrangement is standard in the interior design industry. She billed defendants in the same manner for her work at each of the three houses.

According to plaintiff, defendants paid the bills until June 2009. Thereafter, they made only partial payments, or no payments; their last payment was made on or about March 14, 2010. Plaintiff's final bill for services at the Tuxedo Park home was delivered to defendants in July 2010. As of July 2010, defendants had failed to pay $52,859.04 under the contract.

On or about May 11, 2015, plaintiff served a summons and complaint on defendants alleging breach of contract against Ms. Swenson, and unjust enrichment, quantum meruit, and account stated against both defendants.

Defendants moved to dismiss the complaint based upon documentary evidence, on statute of limitations grounds, and for failure to state a cause of action (CPLR 3211 [a] [1], [5], [7]). Of most relevance here, defendants argued that the contract was predominantly for the sale of goods and was therefore subject to the four-year statute of limitations provided in UCC 2-725. They argue that the undated contract between Ms. Swenson and plaintiff has a provision that states that a design fee of $1,200 will be charged at the start of the job, but that provision had been crossed out. It also states that the products and materials were to be shown to Ms. Swenson, purchased by plaintiff, and "charged at List price," that "[a]ll advice and design suggestions such as construction, cabinetry, painting and using clients [sic] existing items will be charged at $200/hour," and that "[a]ll purchases including Tax and Delivery will be paid in full before delivery."

There is also a handwritten contract signed by plaintiff and Ms. Swenson, dated June 10, 2009, which states:

> "I Kristen Swenson will purchase all furniture and accessories shown in photos or in person by Karolina Hagman through Karolina Hagman and only from Karolina Hagman.

> "I will not purchase or get similar or actual furniture or accessories through someone else or from somewhere else as shown to me by Karolina Hagman.

> "I will allow Karolina Hagman and team to photograph and to publish or have published photos to her of my house and the inside of the rooms in Tuxedo Park, NY." (Capitalization and spelling regularized.)

In opposition, plaintiff acknowledged that the parties agreed to cross out the $1,200 "design fee" and that Ms. Swenson

would not need to pay this fee. Plaintiff states that when they signed the contract, she explained to Ms. Swenson that her creative services fee would be "built, as mark-ups, into the cost of the goods/materials" charged to defendants. Defendants allegedly understood the fee structure.

Plaintiff asserted in her affidavit that in addition to her interior design fee, which was incorporated into the list prices, she billed defendants a $200/hour consulting fee. This fee was separate, and included specific items, such as construction, cabinetry, and painting. Of the $52,859.04 outstanding, plaintiff claims that only $4,000 (for 20 hours) is for consulting work in connection with the exterior of the home, kitchen layout, and bathroom layout.

From December 2007 to July 2010, plaintiff designed and decorated the Tuxedo Park home, including living rooms, hallways, dining rooms, sitting rooms, most of the five bedrooms, and three servants' rooms. She spent hundreds of hours designing and furnishing the home.

By order entered February 25, 2016, Supreme Court granted defendants' motion to dismiss the complaint. The court reasoned that because the contract discusses "products and materials," and the large majority of the outstanding bills involve goods, the services are "incidental" to the purchase of goods, and the four-year statute of limitations applies, barring the complaint. In addition, the court found that plaintiff failed to state a cause of action against Michael Swenson.

We conclude, to the contrary, that the breach of contract claim is governed by the six-year statute of limitations for breach of services contracts and is thereby timely. Generally, breach of contract actions are governed by CPLR 213 (2), which provides for a six-year statute of limitations. However, breaches of sale-of-goods contracts are governed by the four-year statute of limitations set forth in UCC 2-725. In the instant case there is a "mixed" transaction, involving both goods and services, which requires a determination whether the transaction is predominantly one for goods or predominantly one for services (*Levin v Hoffman Fuel Co.*, 94 AD2d 640 [1st Dept 1983], *affd* 60 NY2d 665 [1983], *supra*; *see also Wuhu Import & Export Corp. v Capstone Capital, LLC*, 39 AD3d 314, 315 [1st Dept 2007]). "If service predominates and the transfer of title to personal property is an incidental feature of the transaction, the contract does not fall within the ambit of the [UCC]" (*Schenectady Steel Co. v Trimpoli Gen. Constr. Co.*, 43 AD2d 234, 237 [3d Dept 1974], *affd* 34 NY2d 939 [1974]).

While New York courts do not appear to have directly confronted whether an interior design contract is one for goods or services, they have addressed analogous situations. For example, in *Schenectady Steel Co.* (43 AD2d at 237), the Third Department held that a contract for the creation of a bridge, which included the furnishing of structural steel, was a contract for services. Similarly, in *Gibraltar Mgt. Co., Inc. v Grand Entrance Gates, Ltd.* (46 AD3d 747, 748 [2d Dept 2007]), the Second Department held that a contract for construction of new entrances, which included, inter alia, the purchase of gates, was primarily one for services (*cf. Outdoor Scenes v Grace & Sons*, 111 Misc 2d 36, 38 [Civ Ct, Queens County 1981] [concluding that a contract for the purchase and implantation of trees was a goods contract, based on the absence of an argument that the trees were "part of an integral scheme and design," which could allege a "service-oriented contract"]).

Moreover, other jurisdictions that have adopted the predominant purpose test have found interior design contracts to be contracts for services, not goods (*see Kirkpatrick v Introspect Healthcare Corp.*, 114 NM 706, 710-711, 845 P2d 800, 804-805 [1992]; *Connie Beale, Inc. v Plimpton*, 49 Conn L Rptr 200, 2010 WL 398903, 2010 Conn Super Lexis 36 [Jan. 13, 2010, No. FSTCV085008751S]).

In this case, the contract was primarily for interior design services, and the provision of furniture and accessories was merely incidental. Thus, the six-year statute of limitations applies. This conclusion is supported by the fact that plaintiff is an expert in the field of interior design, and it is clear from the contract that Ms. Swenson hired her for that reason. The contract, which is on plaintiff's interior design company's letterhead, states that plaintiff will provide advice and design suggestions regarding construction, cabinetry, painting, and using the clients' existing items. Plaintiff stated that she designed most of the rooms throughout defendants' Tuxedo Park house, and the contract provides that she will select products and materials, show them to Ms. Swenson, and then purchase them on her behalf. In addition, the contract provides that defendants will be charged "List price," which plaintiff states is understood in the industry to include both the cost of the materials as well as a percentage service fee. Moreover, the contract acknowledges that certain "custom work" will be done by "[i]nterior [d]esigners work people," and a number of the invoices referenced such "custom made" items. Finally, plaintiff

and Ms. Swenson also agreed that plaintiff could use and publish photographs of the items to show off plaintiff's work, which demonstrates that plaintiff's value is attributed to the selection of the various items and putting them together for a particular scheme, not merely to her acting as a retailer.

The motion court improperly focused on the fact that most of the bills at issue listed goods purchased by plaintiff for Ms. Swenson. While the cost of materials greatly exceeds the cost of labor, this factor should not have been the sole consideration; the court should have looked to the nature of the transaction. Plaintiff selected the items purchased, and the contract was primarily for the value that she added. The fact that title to the furniture and items would transfer to defendants is incidental to the purpose of the contract.

Since defendants do not dispute the existence of the interior design contract, or that the contract covers the issues at hand, the quantum meruit and unjust enrichment claims against Ms. Swenson were correctly dismissed as duplicative of the breach of contract claim (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]; *Scarola Ellis LLP v Padeh*, 116 AD3d 609, 611 [1st Dept 2014]). They were also correctly dismissed as against nonsignatory Michael Swenson (*see Kordower-Zetlin v Home Depot U.S.A., Inc.*, 134 AD3d 556, 557-558 [1st Dept 2015]; *Bellino Schwartz Padob Adv. v Solaris Mktg. Group*, 222 AD2d 313 [1st Dept 1995]). Finally, the account stated claim was correctly dismissed as simply "another means to attempt to collect under a disputed contract" (*Martin H. Bauman Assoc. v H & M Intl. Transp.*, 171 AD2d 479, 485 [1st Dept 1991]).

Accordingly, the order of the Supreme Court, New York County (Eileen A. Rakower, J.), entered February 25, 2016, which granted defendants' motion to dismiss the complaint, should be modified, on the law, to reinstate plaintiff's breach of contract claim, and otherwise affirmed, without costs.

Renwick, Andrias, Saxe and Gische, JJ., concur.

Order, Supreme Court, New York County, entered February 25, 2016, modified, on the law, to reinstate plaintiff's breach of contract claim, and otherwise affirmed, without costs.