■ PAUL V. FALLATI, Appellant, v CONCORD POOLS, LTD., Respondent. [54 NYS3d 345]—

Egan Jr., J. Appeal from an order of the Supreme Court (Zwack, J.), entered February 18, 2016 in Albany County, which granted defendant's motion to dismiss the complaint.

In July 2002, plaintiff and defendant entered into a written contract, whereby defendant agreed to install an in-ground swimming pool upon plaintiff's property. Approximately eight or nine years later, "a small hairline crack appeared in the bottom of the deep end wall" of the pool. Defendant patched the crack with hydraulic cement and installed a new liner—at its own expense. Thereafter, in July 2014, plaintiff advised defendant that the concrete liner base of the pool had "cracked significantly" and that a portion "of the deep end of the pool

---

had sunk several inches." Defendant inspected the pool, concluded that the bearing soil underneath the pool had settled[1] and offered to split the cost of the repairs—estimated to be between $9,500 and $11,000—with plaintiff. In response, plaintiff commenced this action against defendant in September 2015 alleging breach of warranty and negligence. Supreme Court granted defendant's pre-answer motion to dismiss the complaint, finding, among other things, that the causes of action set forth therein were time-barred. This appeal by plaintiff ensued.[2]

We affirm. Regardless of whether plaintiff's first cause of action is construed as a breach of contract claim or as a breach of warranty claim, there is no question that such cause of action is time-barred. "As a general rule, a breach of contract action for defective construction and design accrues upon completion of performance, i.e., the completion of the actual physical work" (*Genesee/Wyoming YMCA v Bovis Lend Lease LMB, Inc.*, 98 AD3d 1242, 1245 [2012] [citations omitted]; *see Starakis v Baker*, 121 AD3d 669, 671 [2014]), and a motion to dismiss pursuant to CPLR 3211 (a) (5) is properly granted where "an action upon a contractual obligation or liability, express or implied," is not commenced within six years (CPLR 213 [2]). A breach of warranty claim accrues "when tender of delivery is made" (UCC 2-725 [2]) and generally "must be commenced within four years [there]after" (UCC 2-725 [1]).

Contrary to plaintiff's assertion, "the transaction in this case is predominantly one for services," i.e., the construction of a swimming pool, and any "sale of goods is merely incidental to the services provided" by defendant (*Hagman v Swenson*, 149 AD3d 1, 3 [2017]). Thus, plaintiff's claim is not encompassed by the four-year statute of limitations set forth in UCC 2-725[3] but, rather, is governed by the six-year statute of limitations

---

1. The warranty section of the written contract executed by plaintiff and defendant expressly provided that "[t]his warranty does *not* extend to *any* shifting or settling of earth in excavation or pool area, under pool base, deck or footing for *any* reason *whatsoever*."

2. As plaintiff does not address the dismissal of his negligence cause of action, we deem such issue to be abandoned (*see generally Rauch v Ciardullo*, 127 AD3d 1293, 1293 n [2015]).

3. Plaintiff attempts to bring his claim within the ambit of UCC 2-725 because of an exception set forth therein, which provides that "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance[,] the cause of action accrues when the breach is or should have been discovered" (UCC 2-725 [2]). However, even if UCC 2-725 applied, the cited exception would be of no aid to plaintiff. "A warranty of future performance is one that guarantees that the product will work for a specified period of time" (*Schwatka v Super Millwork*,

set forth in CPLR 213 (2) (*see Hagman v Swenson*, 149 AD3d at 5-6; *Gibraltar Mgt. Co., Inc. v Grand Entrance Gates, Ltd.*, 46 AD3d 747, 747-748 [2007]; *County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs.*, 114 AD2d 728, 729 [1985], *appeal dismissed* 67 NY2d 757 [1986]; *Schenectady Steel Co. v Trimpoli Gen. Constr. Co.*, 43 AD2d 234, 237 [1974], *affd* 34 NY2d 939 [1974]).[4] As plaintiff's claim accrued upon the completion of the swimming pool in 2002 and this action was not commenced until 2015, plaintiff's breach of contract claim is time-barred. Plaintiff's remaining arguments are either lacking in merit or, to the extent that they are premised upon the applicability of UCC 2-725, need not be considered.

McCarthy, J.P., Lynch and Devine, JJ., concur; Clark, J., not taking part.

Ordered that the order is affirmed, with costs.

---

*Inc.*, 106 AD3d 897, 899 [2013] [internal quotation marks and citations omitted]). Absent proof that defendant made any such guarantee here, the exception would not apply, and plaintiff's purported breach of warranty claim would be time-barred.

4. Notably, "[n]o warranty attaches to the performance of a service. If the service is performed negligently, the cause of action accruing is for that negligence. Likewise, if it constitutes a breach of contract, the action is for that breach" (*Torok v Moore's Flatwork & Founds., LLC*, 106 AD3d 1421, 1423 [2013] [internal quotation marks and citations omitted]).