Bloostein v Morrison Cohen LLP (2018 NY Slip Op 00036)





Bloostein v Morrison Cohen LLP


2018 NY Slip Op 00036


Decided on January 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2018

Richter, J.P., Tom, Kapnick, Kern, Moulton, JJ.


5355 651242/12

[*1]Jonathan Bloostein, et al., Plaintiffs,
v
Morrison Cohen LLP, et al., Defendants.
Morrison Cohen LLP, et al., Third-Party Plaintiffs-Appellants,
v
Stonebridge Capital, LLC, Third-Party Defendant-Respondent, Brown Rudnick LLP, Third-Party Defendant. [And Fourth Party Action]


Ingram Yuzek Gainen Carroll & Bertolotti, LLP, New York (David Ebert of counsel), for appellants.
Warner & Scheuerman, New York (Jonathon D. Warner of counsel), for respondent.



Order, Supreme Court, New York County (Anil C. Singh, J.), entered July 12, 2016, which, to the extent appealed from as limited by the briefs, granted third-party defendant Stonebridge Capital, LLC's motion to dismiss the claim for contribution as against it, unanimously affirmed, without costs.
Defendants/third-party plaintiffs are not entitled to contribution, because plaintiffs (investors) seek to recover for purely economic loss resulting from a breach of contract (Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley, 71 NY2d 21 [1987]; Children's Corner Learning Ctr. v A. Miranda Contr. Corp., 64 AD3d 318, 324 [1st Dept 2009]).
The allegations that third-party defendant Stonebridge, a financial servicer, signed transaction documents without reviewing them or alerting other parties to a last-minute change fall squarely within the scope of Stonebridge's contractual duties to assist investors in the execution of the transaction. The third-party complaint fails to allege that Stonebridge owed a duty of reasonable care to the investors independent of their agreement (see Fidelity & Deposit Co. of Md. v Levine, Levine & Meyrowitz, CPAs, P.C., 66 AD3d 514 [1st Dept 2009]; see also New York Univ. v Continental Ins. Co., 87 NY2d 308, 319-320 [1995]).
Nor did Stonebridge's role as a financial services provider give rise to an extra-contractual duty of care (Starr v Fuoco Group LLP, 137 AD3d 634 [1st Dept 2016], lv dismissed 28 NY3d 1083 [2016]). Further, the investors expressly acknowledged in their agreement with Stonebridge that, with respect to its work structuring the subject transaction, it was not a fiduciary, and they were not relying on it for legal, tax, or accounting advice.
We have considered third-party plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2018
CLERK