Way Family Trust v Sagepoint Fin., Inc. (2020 NY Slip Op 06410)





Way Family Trust v Sagepoint Fin., Inc.


2020 NY Slip Op 06410


Decided on November 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 10, 2020

Before: Friedman, J.P., Renwick, Oing, Mendez, JJ. 


Index No. 161431/18 Appeal No. 12323 Case No. 2020-02252 

[*1]Way Family Trust, by and through its Co-Trustees Gregory Elmore, etc., Plaintiff-Appellant,
v
Sagepoint Financial, Inc., et al., Defendants-Respondents.


Jonathan E. Neuman, Fresh Meadows, for appellant.
Winget, Spadafora & Schwartzberg, LLP, New York (Steven E. Mellen of counsel), for respondents.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about September 27, 2019, which granted defendants' motion to dismiss the complaint as time-barred, unanimously affirmed, without costs.
Plaintiff alleges that it invested some $1.4 million in investments, and that it instructed its broker/investment advisor (broker) that its paramount goal was the safety of those investments. Plaintiff alleges that the broker instead placed the funds in risky investments, which consequently lost about $550,000. The broker left defendants' employ in 2009, and plaintiff permitted him to continue servicing its financial needs at other financial institutions. Plaintiff commenced this action in 2018. Supreme Court properly found that plaintiff's breach of fiduciary claim against defendants, whether analyzed under the three or six-year statute of limitations, is time-barred because the accrual date occurred in 2009, when the broker left defendants' employ. As defendants are not "professionals" for purposes of the continuous representation doctrine, plaintiff may not avail itself of that doctrine to render its claims here timely (see Starr v Fuoco Group LLP, 137 AD3d 634, 634 [1st Dept 2016], lv dismissed 28 NY3d 1083 [2016]; Leather v United States Trust Co. of N.Y., 279 AD2d 311, 311-312 [1st Dept 2001]). In any event, the continuous representation doctrine so as to toll the limitations period does not apply because plaintiff no longer had a relationship with defendants as of 2009. Nor does the discovery rule shield this claim from dismissal. The substantial investment losses —about 39% in a short time — should reasonably have put plaintiff on notice that the investments made by the broker were not the "safe" ones it had been promised (see Aozora Bank, Ltd. v Credit Suisse Group, 144 AD3d 437, 438 [1st Dept 2016], lv denied 28 NY3d 914 [2017]; Gutkin v Siegal, 85 AD3d 687, 688 [1st Dept 2011]).
Furthermore, plaintiff's contention that defendants' fraudulent conduct should equitably estop them from raising the statute of limitations, is unavailing. The misrepresentations underlying the claim of estoppel are the same as those constituting the breach of fiduciary duty (see Knobel v Shaw, 90 AD3d 493, 494 [1st Dept 2011]; Kaufman v Cohen, 307 AD2d 113, 122 [1st Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2020