June Wu v Sabrina Balsky Interior Designs (2022 NY Slip Op 00295)





June Wu v Sabrina Balsky Interior Designs


2022 NY Slip Op 00295


Decided on January 18, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2022

Before: Manzanet-Daniels, J.P., Gische, Kern, Mazzarelli, Gesmer, JJ. 


Index No. 113728/08 Appeal No. 15095-15095A Case No. 2021-00271, 2021-00272 

[*1]June Wu, Plaintiff-Appellant-Respondent,
v
Sabrina Balsky Interior Designs, et al., Defendants-Respondents-Appellants.


Offit Kurman, P.A., New York (Brendan Marx of counsel), for appellant-respondent.



Judgment, Supreme Court, New York County (Martin Shulman, J.), entered November 30, 2020, after a nonjury trial, awarding damages to defendants on their counterclaims, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about July 20, 2020, which determined defendants' damages, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
A fair preponderance of evidence supports the court's finding that defendants did not breach the contract for the provision of design and related services to plaintiff in connection with the renovation of her apartment. Plaintiff failed to demonstrate that defendants' concern that the ordered millwork would be damaged if it were delivered to the apartment before the walls and floor were completed was unfounded; she did not call her contractor as a witness to refute defendants' contention. Nor does she challenge on appeal the court's finding that, misled by her contractor and manager, she asserted baseless claims against defendants in support of her breach of contract causes of action.
On the first counterclaim, the court correctly concluded that defendants were entitled under the contract to 30% of the amount that the contractors billed plaintiff, less the amounts that plaintiff paid to them. The record supports the court's finding as to the amount that the contractor billed plaintiff for the relevant phase of the project. Any doubt was properly resolved against plaintiff, who breached her contractual obligation to provide defendants with the contractor's contract and invoices. We decline to reach plaintiff's argument that she is entitled to a credit for a portion of the design fee that she paid, as it is raised for the first time on appeal.
The record also supports the award on the second counterclaim. Plaintiff testified that she understood that the merchandise designed and ordered by defendants with her approval was marked up to compensate them for their services in designing, ordering, and overseeing production of the merchandise and that she was not paying the amounts that defendants paid to the third-party vendors. She did not contest that she approved all of the items on the list entered into evidence and that she paid 50% of the "Specified Price" for those items, as the contract required. The court correctly found that plaintiff owed the remaining 50% of the Specified Price because the items were ready for delivery, even if she no longer wanted to accept the merchandise. Defendants showed that the price mark-up reflected compensation for their design services (see Hagman v Swenson, 149 AD3d 1 [1st Dept 2017]). Since contract damages are intended to place the injured party in the same position as if there had been no breach (see Brushton-Moira Cent. Sch. Dist. v Thomas Assoc., 91 NY2d 256, 262 [1998]), defendants were entitled to
the balance due on the merchandise, notwithstanding plaintiff's apparent unwillingness to accept delivery.
We have [*2]considered plaintiff's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2022