Newport E. Inc. v Sviba Floral Decorators, Inc. (2022 NY Slip Op 00819)





Newport E. Inc. v Sviba Floral Decorators, Inc.


2022 NY Slip Op 00819


Decided on February 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 08, 2022

Before: Renwick, J.P., Mazzarelli, Friedman, Singh, Pitt, JJ. 


Index No. 655693/18 Appeal No. 15239 Case No. 2021-02581 

[*1]Newport East Inc., Plaintiff-Respondent,
v
Sviba Floral Decorators, Inc., et al., Defendants-Appellants.


Abbott Bushlow & Schechner, LLP, Ridgewood (Alan L. Bushlow of counsel), for appellants.
Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Milad Boddoohi of counsel), for respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered on or about January 19, 2021, which, to the extent appealed from, denied defendants' CPLR 3211 motions to dismiss the complaint, unanimously modified, on the law, to dismiss plaintiff's fraud in the inducement claim, and otherwise affirmed, without costs.
Plaintiff Newport East Inc., a cooperative corporation that owns a luxury residential building, allegedly hired defendants to create an extensive silk and synthetic floral display for its lobby. Plaintiff alleges that the parties agreed to a written proposal, drawing, and invoice, but upon delivery, defendants installed a display that did not resemble the drawing, and the design, workmanship, and quality were "abhorrent." Plaintiff demanded defendants remove the display, which they did, and demanded defendants issue them a full refund, which they refused. Plaintiff brought this action alleging claims for breach of contract, unjust enrichment, promissory estoppel, and fraud in the inducement.
Regarding the breach of contract claim, defendants argued that plaintiff was precluded by article 2 of the UCC from obtaining a refund because plaintiff failed to specify defects and provide defendants with an opportunity to cure. Because the contract between the parties relied on defendants' "creativity and vision as well as [their] choice, arrangement, and placement of each tangible item," it was a contract for services, not goods, and the UCC did not apply (Hagman v Swenson, 149 AD3d 1, 3-6 [1st Dept 2017]).
Supreme Court also properly rejected defendants' argument seeking to dismiss defendant Barry Karlin as an agent for a disclosed principal. Plaintiff sufficiently pleaded that Barry Karlin could be liable for the agreement between the parties as it alleges that he drafted the proposal and invoice, he was the addressee for where payment was to be sent, and he helped install the display. Defendants' documentary submissions do not conclusively establish that he was acting on behalf of a disclosed principal as a matter of law (see Leon v Martinez, 84 NY2d 83, 88 [1994]). The documentary evidence also does not conclusively establish that dismissal of defendant Sviba Floral Decorators, Inc. is warranted at this time.
As defendants' arguments seeking to dismiss the unjust enrichment and promissory estoppel claims are raised for the first time on appeal, we decline to consider these issues (see Matter of Brodsky v New York City Campaign Fin. Bd., 107 AD3d 544, 545 [1st Dept 2013]).
As for the fraud in the inducement claim, defendants challenged this claim in their reply brief in Supreme Court. While, normally, arguments set forth for the first time in reply should not be considered (see Miller v Icon Group LLC, 107 AD3d 585 [1st Dept 2013]), this Court will consider this argument as it is determinative, does not allege new facts, and is a legal argument on the face of the record that would not have been avoidable if raised in defendants' [*2]moving brief below, and because the record is sufficient to resolve the issue (see Chateau D'If Corp. v City of New York, 219 AD2d 205, 209-210 [1st Dept 1996], lv denied 88 NY2d 811 [1996]; see also Kapilevich v City of New York, 103 AD3d 548 [1st Dept 2013]). Here, plaintiff merely alleged that defendants "grossly misrepresented the quality and nature of the Decorations" to induce plaintiff into retaining them and compensating them, and the representations were false when made. This simply alleges "an insincere promise of future performance under the contract, which is insufficient to plead fraud" (Archstone Dev. LLC v Renval Constr. LLC, 156 AD3d 432, 432 [1st Dept 2017]). As such, the fraud in the inducement claim is dismissed.
We have considered defendants' remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2022