99 Wall Dev., Inc. v Consigli & Assoc., LLC (2025 NY Slip Op 02865)

99 Wall Dev., Inc. v Consigli & Assoc., LLC

2025 NY Slip Op 02865

Decided on May 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 13, 2025

Before: Moulton, J.P., Kapnick, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 656973/17|Appeal No. 4359-4360|Case No. 2024-02258, 2024-02554|

[*1]99 Wall Development, Inc., Plaintiff-Appellant-Respondent,
v
Consigli & Associates, LLC, Formerly Known as T.G. Nickel & Associates, LLC, Defendant-Respondent-Appellant, Domestic Plumbing Corp. et al., Defendants. [And Other Third-Party Actions]. 

Georgoulis PLLC, New York (Chris Georgoulis of counsel), for appellant-respondent.
Cullen and Dykman LLP, New York (John E. Sparling of counsel), respondent-appellant.

Order, Supreme Court, New York County (Hon. Lucy Billings, J.), entered September 28, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiff 99 Wall Development, Inc.'s motion for summary judgment as to liability on its causes of action for breach of contract (first cause of action), negligence (fifth cause of action), and gross negligence (sixth cause of action) and dismissing defendant Consigli & Associates, LLC's counterclaims for foreclosure of mechanic's liens (the fourth and fifth counterclaims), and denied Consigli's motion for summary judgment dismissing the causes of action for negligence and gross negligence, unanimously modified, on the law, to grant Consigli's motion, and otherwise affirmed, without costs.
The causes of action for negligence and gross negligence as against Consigli should have been dismissed as duplicative of the breach of contract cause of action because the causes of action sounding in negligence allege no duty distinct from Consigli's obligations under the parties' construction management agreement (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]; Ho v Star Contrs., Inc., 226 AD3d 511, 512 [1st Dept 2024]). The negligence causes of action are predicated on claims that Consigli, the construction manager, oversaw its subcontractor's installation of a temporary water tank, which then failed and caused damages to the interior of the building under renovation. The installation of the water tank, however, was required under the parties' agreement, which contains provisions governing the remedies in case of damage to property arising out of the work (see Kordower-Zetlin v Home Depot U.S.A., Inc., 134 AD3d 556, 557 [1st Dept 2015]). In addition, even assuming the truth of plaintiff's breach of contract claims against Consigli, those claims do not adequately allege reckless disregard for the rights of others or intentional wrongdoing such as would constitute gross negligence (see Banc of Am. Sec. LLC v Solow Bldg. Co. II, L.L.C., 47 AD3d 239, 244 [1st Dept 2007], appeal withdrawn 16 NY3d 796 [2011]).
As to 99 Wall's motion for summary judgment on its cause of action for breach of contract, Supreme Court properly denied that motion. The record presents issues of fact concerning whether 99 Wall breached the contract by failing to pay for Consigli's work, or whether Consigli breached the contract when it stopped work because of the alleged nonpayment (see Created Gemstones v Union Carbide, 47 NY2d 250, 254 [1979]; GTE Automatic Elec. Inc. v Martin's Inc., 127 AD2d 545, 547 [1st Dept 1987]). Similarly, Supreme Court properly denied 99's Wall's motion for summary judgment dismissing Consigli's counterclaim for foreclosure of the mechanic's liens, as 99 Wall failed to show that Consigli willfully overstated the liens (see Ferro Fabricators, Inc. v 1807-1811 Park Avenue Dev. Corp., 165 AD3d 572, 573 [1st Dept 2018]).
We have considered the remaining contentions and find them [*2]unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2025